```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

_____

EDWARD JOHNSON,

       Plaintiff,

vs.                                       No. 05-2163-Bre/An

PAUL SUMMERS, et al.,

       Defendants.

_____

```
                       ORDER OF DISMISSAL
          ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
               ORDER ASSESSING APPELLATE FILING FEE
                              AND
                ORDER REAFFIRMING PREVIOUS SANCTIONS
```
_____

    On February 14, 2005, plaintiff Edward Johnson, prisoner number 165254, an inmate at the Northwest Correctional Complex (NWCX)[1], filed this complaint under 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* in the United States District Court for the Middle District of Tennessee. United States District Judge Robert Echols granted plaintiff's motion to proceed *in forma pauperis* and transferred the case to this court pursuant to 28 U.S.C. § 1404(a).

    After this case was transferred, this Court revoked Johnson's *in forma pauperis* privileges under 28 U.S.C. § 1915(g) in *Johnson v. Armstrong, et al.*, No. 04-3023-Ml/P (W.D. Tenn. Sept. 12, 2005). Edward Johnson has filed three previous cases in this district

---

    [1]    The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

court.[2]  Each dismissal of these cases counted as a strike under 28 U.S.C. § 1915(g).

In Johnson v. Armstrong, et al., No. 04-3023-Ml/P, the Court notified Johnson that he was no longer eligible to file in forma pauperis actions and placed further restrictions on his filing privileges.  The Court's order prohibited Edward Johnson from filing further in forma pauperis actions in this district without leave of court and directed the Clerk "not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district."  The order also admonished Johnson that in the event he failed to comply with that order's restrictions, "the Court will then impose further sanctions against the plaintiff, including a further monetary fine, which may be collected directly from his prison trust fund account."

Johnson sues Paul Summers, Tennessee Attorney General, Supreme Court Clerk Michael Catalano, Chief Deputy Clerks Susan Turner and Janice Rawls, and Deputy Clerks Nancy Acred, A. Staggs, A.R.S., N.A.A., K.J.S., C.R.V., and S.S.J.  He contends he was erroneously taxed with costs on two habeas petitions that he accidentally filed

---

[2]    Johnson v. Armstrong, et al., No. 04-3023-Ml/P (W.D. Tenn. Sept. 12, 2005)(dismissing §1983 complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and imposing further restrictions on filing privileges);
         Johnson v, Key, No. 04-2904-B/P (W.D. Tenn. Mar. 3, 2005)(dismissing § 1983 claims for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)); and
         Johnson v. Todd, No. 00-1222-D (W.D. Tenn. Aug. 15, 2000)(dismissing § 1983 claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)).

with the Tennessee Supreme Court.  He alleges that the erroneous taxation of costs and his nonpayment resulted in the dismissal of his appeal on another case from Shelby County Chancery Court. Johnson complains that he has been denied appellate review and the defendants' actions constitute conspiracy, fraudulent misrepresentation, negligence, misfeasance, malfeasance, and the denial of equal protection.

Court clerks enjoy absolute immunity for judicial or quasi-judicial actions.  <u>White v. Gerbitz</u>, 892 F.2d 457, 464-65 (6th Cir. 1989)(holding that the setting of bail is an action judicial in character for which court clerk enjoyed absolute immunity); <u>Foster v. Walsh</u>, 864 F.2d 416, 417 (6th Cir. 1989)(clerk's issuance of warrant protected by absolute immunity).  The taxation of costs and filing of appeals are quasi-judicial acts. The claims against the Clerks and Deputy Clerks are barred by absolute immunity.

Plaintiff alleges no action by Summers or any connection of Summers to these claims.  When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985).

To the extent Johnson seeks an order countermanding any orders of the state courts, he may not attack those proceedings in this federal district court.

> United States district courts . . . do not have
> jurisdiction[]over challenges to state-court decisions in
> particular cases arising out of judicial proceedings even

3

> if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983). See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court). In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993). Regardless of what relief plaintiff has sought from the Tennessee courts, he cannot obtain an order from this Court directing those courts to take any action on his behalf.

> [F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

Accordingly, this complaint contains claims which are barred by absolute immunity and fail to state a claim upon which relief may be granted. The complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii).

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. Under 28 U.S.C. § 1915(b), a prisoner

4

plaintiff must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.³ In forma pauperis status merely grants him the right to pay the fee in installments.

In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the United States Court of Appeals for the Sixth Circuit construed § 1915(b) as requiring a prisoner to pay the entire appellate filing fee in installments even if the trial court certifies that the appeal is not taken in good faith. McGore, however, did not address appeals by prisoners who are barred from proceeding in forma pauperis by 28 U.S.C. § 1915(g).⁴ That section nullifies the installment-payment privileges created by § 1915(b).

As required by McGore, the Court considers whether this appeal may be taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case as barred by absolute immunity, for failure to state a claim upon which relief may be granted, and under § 1915(g) also compel the conclusion that an appeal would be barred by § 1915(g). An appeal that would be barred by § 1915(g) lacks an arguable basis

---

³ The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal, or of a writ of certiorari, $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

⁴ See supra note 3.

5

in law for proceeding in forma pauperis, and would not entitle the appellant to proceed in forma pauperis.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and § 1915(g), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis. Twenty-eight U.S.C. § 1915(g) bars Johnson from taking an appeal under § 1915(b). Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996).

Accordingly, if plaintiff files a notice of appeal, the Clerk is ORDERED to assess and collect the entire fee of $255 from his prison trust fund account whenever funds are in the account, without regard to the installment payment provisions of § 1915(b). Furthermore, if plaintiff files a notice of appeal, he must pay the entire fee within thirty days of filing that notice. If he does not, this Court will notify the United States Court of Appeals for the Sixth Circuit that he has failed to comply with the fee requirements, and that Court will dismiss his appeal. It will not be reinstated thereafter even if he does pay the filing fee. Cf. McGore, 114 F.3d at 609-10.

Finally, regarding the imposition of sanctions, the Court reaffirms the previous sanctions order entered in Johnson v. Armstrong, et al., No. 04-3023-Ml/P (W.D. Tenn. Sept. 12, 2005). Compliance with that order is a condition to filing any case in this Court. Furthermore, any case submitted by this plaintiff to another court that is thereafter transferred or removed to this district court will result in the same sanctions.

The Clerk of Court is ORDERED not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district.

Plaintiff is ORDERED not to file any further documents in this or any other action except a one-page notice of appeal.  The Clerk shall not accept for filing in this or plaintiff's other actions any document whatsoever except that notice of appeal.  Any other documents submitted shall be forthwith returned to him by the Clerk.

IT IS SO ORDERED this 30th day of March, 2006.

                                                                           _____
                                                                          s/ J. DANIEL BREEN
                                                                          UNITED STATES DISTRICT JUDGE